**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN JOSUE REYES CRUZ,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-2889-B-BK** |
| | § | |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Upon review, the petition should be **DISMISSED WITHOUT PREJUDICE** as premature.[1]

On August 26, 2026, Petitioner Kevin Josue Reyes Cruz, an alien detainee in the custody of Immigration and Customs Enforcement ("ICE"), initiated this action by filing a *pro se* petition for writ of habeas corpus challenging his detention pending removal. Doc. 3. Citing 8 U.S.C. § 1231(a)(6), Cruz alleges that ICE has detained him for a prolonged time in violation of his due process rights. Doc. 3 at 6. He seeks immediate release from custody. Doc. 3 at 7.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a post-removal-order-detention challenge. The court held that it is presumptively constitutional for an alien to be detained for not more than six months after a *final* order of removal. *Id.* at 701.

---

[1] Because this case should be summarily dismissed, the Court need not address the deficiencies in Petitioner's pleading and require compliance with the Court's filing requirements.

Here, government records available online (of which the Court takes judicial notice) confirm an immigration judge ordered Reyes removed on April 30, 2026, and the Board of Immigration Appeals (BIA) dismissed his appeal on July 30, 2026.[2] Reyes confirms he did not appeal that decision to the Unites State Court of Appeals. Doc. 3 at 5. His removal order thus became administratively final on July 30, 2026. *See* 8 U.S.C. § 1231(a)(1)(B) (providing that removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final (after BIA review); or (ii) if the removal order is judicially reviewed and if a court orders a stay of removal, the date of the court's final order); 8 U.S.C. § 1101(a)(47)(B) ("The [removal] order . . . shall "become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA].").

Thus, Reyes petition is premature and should be dismissed without prejudice. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-removal-order-detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*).

[2] Executive Office for Immigration Review (EOIR) automated case information database available at https://acis.eoir.justice.gov/en/ (last accessed on September 15, 2026).

For the foregoing reasons, Reyes' petition for writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** as premature.

**SO RECOMMENDED** on September 15, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).